MEMORANDUM *
Following a Booker[1] remand, Trayvonne Mitchell (“Mitchell”) appeals his 283-month sentence for conspiracy, bank robbery and use of a firearm. We affirm.
The district court did not clearly err by applying the firearm enhancement to the March 1996 robbery. Although the district court’s comments about the enhancement at resentencing could be construed as improperly imposing the enhancement solely because a bank robbery had occurred, see United States v. Zelaya, 114 F.3d 869, 871-72 (9th Cir.1997), the court also expressly adopted all of its findings from the prior sentencing. There, the court had noted that Mitchell was aware of the use of a firearm during a prior robbery within the conspiracy. The court concluded that, based on Mitchell’s past experience, it was reasonably foreseeable a firearm would again be used in the March robbery. Andre Hart’s trial testimony makes it clear Mitchell was aware guns were used in the previous robberies, and the March robbery followed a similar pattern. In light of this evidence, the district court did not clearly err by imposing the firearm enhancement. See United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir.1990); cf. United States v. Carter, 560 F.3d 1107, 1113 (9th Cir.2009).
Nor did the district court clearly err by imposing the leader/organizer enhancement for Mitchell’s role in the March robbery. Although Mitchell would have us consider only the testimony of Kenneth Austin with respect to this enhancement, the district court observed the entire trial and heard testimony about Mitchell’s role throughout the various robberies involved in the conspiracy, all of which show Mitchell was more than just an “average participant” in the robberies.[2] See United States v. Pinkney, 15 F.3d 825, 828 (9th Cir.1994). Andre Hart specifically testified that Mitchell was involved in the planning of two robberies (one charged, one uncharged) which occurred prior to the March robbery. Kenneth Rogers also testified regarding later robberies that Mitchell was involved in selecting who would participate in robberies and directed the actions of co-conspirators. In all the robberies, Mitchell appears to have received a *615 significant cut of the proceeds while directing robbery participants from a safé distance, suggesting he was higher up the chain than those recruited to enter the bank. See U.S.S.G. § 3B1.1, cmt. 4. When Austin’s testimony about the way the March robbery was organized and how it was to be paid out is set against the backdrop of Hart’s testimony about Mitchell’s role in the previous two robberies, we cannot say the court clearly erred by finding that Mitchell was also a leader/organizer of the March robbery.[3]
Finally, Mitchell’s 283-month sentence was reasonable. The district court adequately considered the sentences of his co-conspirators. Although Mitchell received the lengthiest sentence, the other co-defendants were distinguishable because of acceptance of responsibility or criminal history points. The district court adequately considered and weighed the various sentencing factors set forth in 18 U.S.C. § 3553(a), specifically noting the severity of the offense, the need to promote respect for the law and deter crimes, and the need to protect the public. See United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc). The district court also considered and gave some weight to Mitchell’s post-offense rehabilitation. Even if we might have weighed things differently, we cannot reverse a sentence simply because we would have imposed a different one. United States v. Rivera, 527 F.3d 891, 911 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

. Although the dissent suggests Mitchell will be unfairly surprised by the consideration of his role throughout the conspiracy, the record reveals this was the government's argument to the judge at sentencing as well as the district court’s original basis for imposing the enhancement. Indeed, before the district court, Mitchell’s counsel did not attempt to clearly differentiate Mitchell’s role in the individual robberies, and even conceded that some role-in-the-offense enhancement was proper; the debate was instead over which level to apply (leader/organizer or manager/supervisor).

. We are unpersuaded by the dissent’s argument that the district court improperly considered Mitchell’s role in the overall conspiracy. The preface to U.S.S.G. § 3B1.1 clearly indicates that a determination of role in the offense is to be made on the basis of all relevant conduct, "and not solely on the basis of elements and acts cited in the count of conviction.” The introductory comment was adopted in response to various restrictive circuit court decisions in order to clarify that a sentencing judge could consider "the contours of the underlying scheme itself rather than the mere elements of the offense charged.” See United States v. Caballero, 936 F.2d 1292, 1298-99 (D.C.Cir.1991) (discussing caselaw and effect of clarifying amendment) (internal quotations omitted); U.S.S.G. Appendix C, amendment 345. Moreover, in this case, the conspiracy count was grouped with each of the individual robbery counts, so the “offense” to which the leadership enhancement applied was both the conspiracy and the individual robbery, making it even more proper for the sentencing judge to consider Mitchell's role in the overall conspiracy.